# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JODY-ANN CAMPBELL, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-1347 |
| | : | |
| COLUMBIA UNIVERSTIY, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**McHUGH, J.**                                                    **MARCH 19, 2025**

Plaintiff Jody-Ann Campbell brings this civil action against Columbia University ("Columbia") and Pennsylvania Governor Joshua Shapiro based on allegations that they conspired to have her arrested and prosecuted for crimes in Pennsylvania because she previously filed lawsuits against Columbia.  Ms. Campbell seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Campbell leave to proceed *in forma pauperis* and dismiss her Complaint.

## I.    FACTUAL ALLEGATIONS[1]

Public records indicate that Ms. Campbell previously filed two lawsuits against Columbia in the United States District Court for the Southern District of New York.  Campbell first sued Columbia and some of its officials on September 27, 2022, on the basis that they denied her an Impact HBCU Fellowship and did not grant her any financial aid after she was admitted to the

---

[1] The following facts are taken from the Complaint and the publicly available dockets of which this Court takes judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

School of Professional Studies Negotiation and Conflict Resolution Program. *Campbell v. Columbia Univ. Sch. of Pro. Stud.*, No. 22-8255, 2022 WL 14749136, at *1-2 (S.D.N.Y. Oct. 21, 2022). In an October 21, 2022 "order to amend," the court dismissed Campbell's civil rights claims because Columbia is a private institution that is not subject to 42 U.S.C. § 1983 or the Equal Education Opportunities Act, and because Campbell did not allege a basis for discrimination under Title VI of the Civil Rights Act. *Id*. at *4. Campbell's state claims were dismissed for lack of subject matter jurisdiction because she failed to adequately plead a basis for the court to exercise diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at *5.

Ms. Campbell was given an opportunity to amend, so she filed an amended complaint charging Columbia and its officials with intentional infliction of emotional distress. *Campbell v. Columbia Univ.*, No. 22-8255, 2022 WL 16836767, at *1-2 (S.D.N.Y. Nov. 4, 2022). On November 4, 2022, the court dismissed Campbell's amended complaint for lack of subject matter jurisdiction because she failed to adequately allege that the parties were diverse. *Id.* at *3. The court concluded it would be futile to permit Campbell to amend again because "[a]lthough [Campbell's] disappointment at not being selected for a fellowship or grant is understandable, these facts cannot state a claim for intentional infliction of emotional distress." *Id.* at *4.

Approximately three weeks after the dismissal of her first case, Ms. Campbell filed her second lawsuit against Columbia and its employees. Campbell's complaint in her second lawsuit "was substantially the same as [the] amended complaint in [her prior case] and repeated allegations that [Columbia officials], and by extension Columbia, intentionally inflicted emotional distress on her by failing to admit her to the Impact HBCU Fellowship or otherwise provide her with educational grant support." *Campbell v. Columbia Univ.*, No. 22-10164, 2023 WL 6038024, at *2 (S.D.N.Y. Sept. 15, 2023). After initiating the second case, "Campbell filed

2

a series of letters that raised what would become recurring themes in [her] filing practices: that Columbia and its employees want to kill her and want her to die, and that Columbia's failure to answer all of her various letters is an admission of guilt." *Id.* (citations omitted).  Campbell filed additional documents, including a request to remove the Columbia employees as defendants, such that diversity jurisdiction was no longer an issue. *Id.*

The court permitted the lawsuit to proceed past screening and Columbia moved to dismiss the claims. *Id.*  In the meantime, Campbell, who indicated that she was suffering from mental health issues, filed numerous, superfluous papers on the docket. *Id.* at *2-3. Additionally,

> [w]hile Campbell's prior materials focused on the denial of her fellowship, her allegations following the motion to dismiss morphed into a far-reaching conspiracy involving collusion between Columbia and numerous figures, including high-level officials in the state government of Pennsylvania. The essence of these claims is that Columbia bribed the governor of Pennsylvania and a range of other officials to target Campbell and interfere with this lawsuit. To carry out this interference, the governor had a member of his staff ("Staff Member") file a false police report.  While Campbell does not describe the precise nature of this report, she attaches Pennsylvania state court papers to one of her letters, in which Pennsylvania prosecutors allege that Campbell "sent hundreds of harassing emails to" the Staff Member, and that these emails included both sexual advances and threats of physical and sexual violence.

*Id.* at *3 (citations and footnotes omitted).  Ms. Campbell's allegations pertained to a criminal complaint filed against her in Montgomery County, Pennsylvania, on March 15, 2023, which charged her with several counts of terroristic threats and harassment and led to her arrest on March 16, 2023.  *Commonwealth v. Campbell*, No. CP-46-CR-0004411-2023 (C.P. Montgomery); *see also Commonwealth v. Campbell*, No. MJ-38120-CR-0000197-2023.

When ruling on Columbia's motion, the court considered "the full spectrum of Campbell's pleadings."  *Campbell*, 2023 WL 6038024, at *6.  The court concluded that Campbell failed to state a claim for intentional infliction of emotional distress because, as in her

prior case, she had not alleged a basis for outrageous conduct.  *Id.* at *6-7 (explaining that "the denial of student aid from which [Campbell] seeks to infer intentional or reckless infliction of emotional distress are the kind of mundane acts that happen to thousands of students every year" (internal quotations and citations omitted)).  The court then rejected Campbell's "somewhat more nebulous set of conspiracy claims based on alleged collusion between Columbia and the governor of the state of Pennsylvania, as well as alleged harassment by various unknown assailants employed by Columbia to prevent her from continuing this lawsuit," as "too fanciful, fantastic or delusional to withstand a motion to dismiss."  *Id.* at *7 (internal quotations omitted).  Ultimately, the court dismissed the case with prejudice on September 15, 2023, noting that Campbell had numerous opportunities during her two lawsuits to articulate her claims and "[a]s for the broader conspiracy she alleges, further amended pleadings will not render the allegations less fanciful and more plausible."  *Id.* at *8.

On February 18, 2025, after periods of incarceration, Ms. Campbell pled guilty in the Montgomery County criminal case to one count of terroristic threats and was sentenced to a maximum of twenty-three months of imprisonment.  *Campbell*, No. CP-46-CR-0004411-2023. She was paroled the next day.  *Id.*

On March 11, 2025, Ms. Campbell filed this civil action against Columbia and Governor Shapiro based on her arrest, prosecution, and related imprisonment.  She alleges that the was "illegally arrested on March 16, 2023 by the Pennsylvania State Police" without a warrant or probable cause and in excess of their jurisdiction.  (Compl. at 3.)  She further claims that the police conducted an unlawful search of her home.  (*Id.*)  Campbell claims that she sent the communications that formed the basis for her criminal charges to the victim "because of [their] prior relationship and because he was a public servant in the community," and because she

4

thought he would help her. (*Id.*) She alleges that she continued to contact the victim because she "honestly thought [her] communications were not getting to him." (*Id.*) Campbell contends that, since her "lawsuit against Columbia University" is mentioned in the criminal complaint, she has "no choice but to believe that Columbia University and Joshua Shapiro coordinated efforts to keep me incarcerated in order to intimidate me so I would not pursue a lawsuit against them." (*Id.* at 3-4.)

Accordingly, Ms. Campbell brings Fourth Amendment claims, apparently pursuant to 42 U.S.C. § 1983, and state law claims, apparently for intentional infliction of emotional distress. (Compl. at 2; *id.* at 4 ("Columbia University intentionally inflicted emotional distress on me by working with the Governor of Pennsylvania to keep me incarcerated as an effort of intimidation.").) She alleges that she was injured by her incarceration, during which she developed physical and mental health issues. (*Id.* at 4.) She seeks hundreds of millions of dollars in compensation. (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants Ms. Campbell leave to proceed *in forma pauperis* because it appears that she is not capable of prepaying the fees to commence this civil action. Accordingly, the Court must dismiss Campbell's Complaint if, among other things, it is frivolous or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts

alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).   A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice. *Id*.   "With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings." *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").

## III.   DISCUSSION

Ms. Campbell's claims rest on the same alleged conspiracy that the Southern District of New York has already rejected as "too fanciful, fantastic or delusional to withstand a motion to dismiss." *Campbell*, 2023 WL 6038024, at *7.  This Court likewise concludes that the alleged conspiracy at the heart of Campbell's claims—*i.e.*, that Governor Shapiro and Columbia arranged for false criminal charges to be filed against her to intimidate her because of the lawsuits she filed against Columbia—rises to the level of factual frivolousness. *See, e.g.*, *Lewis-Davis v. PEC-Gloria's Place*, No. 21-2180, 2021 WL 3271150, at *4 (E.D. Pa. July 28, 2021)

(concluding that allegations lacked basis in fact when plaintiff alleged that a shelter where she was staying was "misusing her private electronic communications against her" to retaliate against her for filing complaints about a former employer in a different state); *Khalil v. United States*, No. 17-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (finding plaintiff's allegations "wholly incredible" when he alleged "a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors"); *see also Campbell*, 2023 WL 6038024, at *8 (noting, in dismissing Campbell's claims, that "[c]ourts in this District, faced with claims based on similarly fantastical theories have consistently dismissed them for failure to state a claim, even when the plaintiff proceeded pro se" and citing cases). Accordingly, the Court will dismiss Campbell's case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Campbell leave to proceed *in forma pauperis* and dismiss her Complaint.  The Court concludes that amendment would be futile

---

[2] There are, of course, several other reasons why Campbell's claims cannot proceed as a legal matter.  Although the Court will not list each legal defect, Campbell should note that she is barred from pursuing claims for damages based on her prosecution or related imprisonment while her conviction remains intact.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (explaining that § 1983 plaintiff may not recover "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  (footnote and citation omitted)); *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) (explaining that "the favorable-termination requirement is a necessary element of the claim for relief under § 1983").  Additionally, Campbell's claims against Columbia are precluded by the final dismissal of her essentially identical claims in the Southern District of New York.  *See Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)).

because Campbell cannot cure the defects noted above.  An appropriate Order follows, which

dismisses this case.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
_____

**GERALD A. McHUGH, J.**